**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
 *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (Bar No. 319508)
 *msincich@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: tpacker@grechpackerlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GALVAN<br><br>               Plaintiff,<br><br>     v.<br><br>COUNTY OF RIVERSIDE,<br>ROBERT ROMERO; and DOES 1-<br>10, inclusive,<br><br>               Defendants. | CASE No.: 5:21-cv-00384<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Fourth Amendment – Unreasonable Search/Unlawful Entry)<br>2. 42 U.S.C. § 1983 (Unreasonable Detention and Arrest)<br>3. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>4. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>5. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>6. 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br><br>**DEMAND FOR JURY TRIAL** |

1

1

## **COMPLAINT FOR DAMAGES**

2     COMES NOW, Plaintiff MARK GALVAN for his Complaint against

3 COUNTY OF RIVERSIDE, ROBERT ROMERO; and DOES 1-10, inclusive and

4 hereby alleges as follows:

5

6

## **INTRODUCTION**

7     1.    This civil rights action seeks compensatory and punitive damages

8 from Defendants for violating various rights under the United States

9 Constitution in connection with the deployment of a canine (also referred to

10 herein as "K-9") on PLAINTIFF on April 8, 2019.

11     2.    Defendant ROBERT ROMERO caused PLAINTIFF'S injuries by

12 ordering his canine to bite PLAINTIFF and by not releasing the K-9 from

13 biting PLAINTIFF until several minutes after PLAINTIFF had been

14 apprehended and held at gunpoint.

15     3.    DOES 1-6, inclusive, ("DOE DEPUTIES") caused various

16 injuries as alleged herein by integrally participating or failing to intervene in

17 the incident, and by engaging in other acts and/or omissions around the time

18 of the incident.

19     4.    Defendants COUNTY OF RIVERSIDE and DOES 7-10,

20 inclusive, also caused various injuries and are liable under federal law and

21 under the principles set forth in *Monell v. Department of Social Services*, 436

22 U.S. 658 (1978).

23     5.    This action is in the public interest as PLAINTIFF seeks by means

24 of this civil rights action to hold accountable those responsible for the

25 deployment of the canine and serious bodily injury inflicted by

26 DEFENDANTS, including ROMERO, and COUNTY OF RIVERSIDE'S

27 ratification, failure to train, and policy of inaction in the face of serious

28

constitutional violations, as well as the unlawful custom and practice with respect to the use force, including the use of a K-9 to bite people.

## THE PARTIES

6.     At all relevant times, PLAINTIFF was an individual residing in Riverside County, California.

7.     Defendant COUNTY OF RIVERSIDE is a political subdivision of the State of California that is within this judicial district.   COUNTY OF RIVERSIDE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department and its agents and employees.   At all relevant times, Defendant COUNTY OF RIVERSIDE was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the United States and the State of California.   At all relevant times, COUNTY OF RIVERSIDE was the employer of Defendants ROMERO and DOES 1-10.

8.     Defendant ROBERT ROMERO ("ROMERO") is a sheriff's deputy working for the Riverside County Sheriff's Department.   At all relevant times, ROMERO was acting under color of law within the course and scope of his duties as a deputy working for the Riverside County Sheriff's Department.   At all relevant times, ROMERO was acting with the complete authority and ratification of his principal, COUNTY OF RIVERSIDE.

9.     Defendants DOES 1-6, inclusive, are deputies for the Riverside County Sheriff's Department.   At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as Riverside County Sheriff's Department deputies and at other times they were

working in their personal capacity as individuals outside the scope of their employment.  At all relevant times, DOES 1-6, inclusive, were acting with the complete authority and ratification of their principal, COUNTY OF RIVERSIDE.

10.    Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the Riverside County Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the Riverside County Sheriff's Department.  DOES 6-10, inclusive, were acting with the complete authority of their principal, COUNTY OF RIVERSIDE.

11.    PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of these defendants when the same has been ascertained. PLAINTIFF is informed believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

12.    On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Riverside.

13.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

14.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law,

4

statute, ordinance, regulations, customs and usages of the State of California and COUNTY OF RIVERSIDE.

15. All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the Riverside County Sheriff's Department.

16. PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of Defendant ROMERO and DOES 1-10 inclusive. Defendant ROMERO and DOES 1-10 are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

17. The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

18. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. PLAINTIFF sustained injuries, including but not limited to pain and suffering when Defendant ROMERO deployed his K-9 on PLAINTIFF and failed to release the K-9's bite for several minutes.

21. On April 8, 2019, Riverside Sheriff's deputies arrived at 27750 Dover Drive in Moreno Valley, California at or around midnight.

22. Deputies unlawfully entered PLAINTIFF'S home without consent, warrant, or exigent circumstances, and forcibly entered PLAINTIFF'S room where PLAINTIFF was lying asleep on his bed. PLAINTIFF never received any specific warning that the K-9 would be utilized to attack him as he lay asleep in his bed.

23. PLAINTIFF awoke to a K-9 viciously biting his arm, abdomen, and neck area. PLAINTIFF did not pose an objectively reasonable threat to the deputies or anyone else at the time, PLAINTIFF did not verbally threaten any officer or anyone else at the time, PLAINTIFF was not resisting the deputies, PLAINTIFF did not attempt to punch or kick any deputy prior to the K-9 attack, and PLAINTIFF was unarmed, was not assaultive to any deputy, and was not trying to escape while in his room prior to the K-9 attack.

24. There were several deputies in PLAINTIFF'S room. The deputies in PLAINTIFF'S room had their weapons drawn and pointed at PLAINTIFF.

25. Once PLAINTIFF awakened, he heeded all commands. PLAINTIFF made no furtive movements. From the time he awoke, PLAINTIFF'S hands were visible, and he was unarmed.

26. PLAINTIFF had no weapons of any kind in his hands or within his reach. PLAINTIFF made no efforts to escape from the deputies and was not being assaultive to the deputies.

27. Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force. PLAINTIFF was not assaultive to any deputy while in his room prior to the K-9 attack, and there were other less intrusive means available to the deputies.

28. PLAINTIFF writhed in pain from the vicious and prolonged K-9 attack.

29. PLAINTIFF was subjected to unreasonable and excessive force, including deadly force, inflicted through the unreasonable and excessive deployment of the police K-9, through the failure and/or refusal to terminate the unreasonable and excessive deployment and use of the police K-9, and through the improper and excessive use of restraint procedures, which caused PLAINTIFF to experience severe and debilitating injuries.

30. Despite the presence of several armed deputies, Defendant ROMERO did not command the K-9 to release the bite for a prolonged period of time.

31. From the first moment PLAINTIFF heard deputy commands he complied and never made any movement or indication of any kind that he intended not to comply. PLAINTIFF was not combative or assaultive in any way. PLAINTIFF'S only movements during the event were involuntary responses to the vicious and prolonged K-9 attack.

32. As a result of the K-9's bite, PLAINTIFF experienced serious bodily injury, including severe injuries to his arm.

33. The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to anyone at the time of the bite. PLAINTIFF certainly did not pose a threat of any kind to anyone when Defendant ROMERO and other deputies held PLAINTIFF at gunpoint but Defendant ROMERO still refused to instruct the K-9 to release his bite.

/ / /
/ / /

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—**

**Unreasonable Search/Unlawful Entry (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendant ROMERO, and DOES 1-6, inclusive)

34.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.    On information and belief, Defendant ROMERO and DOES 1-6 did not have a warrant to search PLAINTIFF'S person or property; did not present any warrant to PLAINTIFF upon their arrival at his home; did not have exigent circumstances to execute a warrantless search; and did not provide adequate notice to PLAINTIFF upon their arrival at his home.   Instead, Defendant ROMERO and DOES 1-6 barged into PLAINTIFF'S quarters without consent.

36.    PLAINTIFF never waived his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person or property.

37.    Defendant ROMERO and DOES 1-6 unlawfully and unreasonably entered into PLAINTIFF'S quarters.

38.    The conduct of Defendant ROMERO and DOES 1-6 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendant ROMERO and DOES 1-6.

39.    As a result of their misconduct, Defendant ROMERO and DOES 1-6 are liable for PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

40.    PLAINTIFF seeks damages, including punitive damages, as well as other damages permitted by law for the violation of PLAINTIFF'S rights. PLAINTIFF also seeks reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Unreasonable Detention and Arrest (42 U.S.C. § 1983)

(By PLAINTIFF against Defendant ROMERO, and DOES 1-6, inclusive)

41.    PLAINTIFF repeats and re-alleges each and every allegation of paragraph 1 through 40, inclusive, as if fully set forth herein.

42.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

43.    Defendant ROMERO and DOES 1-6 acted under color of law.

44.    On April 8, 2019, without consent, Defendant ROMERO and DOES 1-6 unlawfully entered PLAINTIFF'S home at or around midnight. After unlawfully entering the residence, Defendant ROMERO and DOES 1-6 forcibly entered PLAINTIFF'S room where PLAINTIFF was lying asleep on his bed.

45.    PLAINTIFF awoke to a K-9 viciously biting his arm, abdomen and neck area with several deputies, including Defendant ROMERO and DOES 1-6, surrounding PLAINTIFF with their weapons drawn and pointed at him.

46.    Defendant ROMERO and DOES 1-6 detained PLAINTIFF without reasonable suspicion and without probable cause.  They detained PLAINTIFF by unlawfully barging into PLAINTIFF'S house and room without consent or permission and surrounding him with their weapons drawn

COMPLAINT FOR DAMAGES

and pointed at him while PLAINTIFF was being attacked by the K-9.  The scope and manner of Defendant ROMERO and DOES 1-6's detention and arrest of PLAINTIFF were unreasonable.

47.     The conduct of Defendant ROMERO and DOES 1-6 violated PLAINTIFF'S right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result of Defendant ROMERO and DOES 1-6's conduct, Defendant ROMERO and DOES 1-6 are liable to PLAINTIFF for the PLAINTIFF'S injuries either by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

49.     On information and belief, the conduct of Defendant ROMERO and DOES 1-6 was willful, wanton, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendant ROMERO and DOES 1-6.

50.     Because of unreasonable detention and arrest of PLAINTIFF, PLAINTIFF'S constitutional rights are violated.  As a result, Defendant ROMERO and DOES 1-6 are liable for violating those rights and liable for PLAINTIFF'S severe pain and suffering for which he is entitled to recover damages.

51.     PLAINTIFF brings this claim and seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

52.     PLAINTIFF also seeks attorney's fees and costs under this claim.

/ / /

COMPLAINT FOR DAMAGES

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendant ROMERO, and DOES 1-6, inclusive)

53.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 52, inclusive, as if fully set forth herein.

54.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

55.    When DEFENDANTS ROMERO, and DOES 1-6, inclusive, arrived at the Dover Drive address, PLAINTIFF was not threatening any person at the residence, and PLAINTIFF never verbally threatened any person, including DEFENDANTS.

56.    DEFENDANTS failed to employ tactics to de-escalate the situation, failed to give PLAINTIFF the time and space to understand the police presence, failed to give PLAINTIFF proper commands and the time to comply with those commands, and failed to give PLAINTIFF the opportunity to cooperate with police instructions.

57.    PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the DEFENDANTS that PLAINTIFF was attempting, willing, or intending to inflict harm to anyone. PLAINTIFF was held at gunpoint by multiple deputies, a show of force which was sufficient to effectuate a seizure of PLAINTIFF.

58.    Throughout the incident at the Dover Drive address, PLAINTIFF presented no immediate threat to the safety of the deputies or others, including not an immediate threat of death or serious bodily injury to any officer or other

person, was not assaultive, was unarmed, and there were less intrusive means available to the deputies.

59.    DEFENDANT ROMERO and DOE DEPUTIES used excessive and unreasonable force, including deadly force, against PLAINTIFF. DEFENDANTS failed to issue any warning that they would use force, including deadly force, before they deployed the K-9.  PLAINTIFF was not an immediate threat of death or serious bodily injury to DEFENDANTS or anyone else when DEFENDANTS used excessive and unreasonable force, including deadly force, on PLAINTIFF.

60.    DEFENDANT ROMERO and DOE DEPUTIES caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.  DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61.    As a direct result of the aforesaid acts and omissions of Defendant ROMERO and DOE DEPUTIES, PLAINTIFF suffered great physical and mental injury, fear and emotional distress related to his physical injuries, and loss of his earning capacity in an amount according to proof.

62.    The conduct of Defendant ROMERO and DOE DEPUTIES alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

63.    Defendant ROMERO and DOE DEPUTIES were acting under color of state law and within the course and scope of their employment as deputies for the COUNTY OF RIVERSIDE.

64.  PLAINTIFF seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

65.  PLAINTIFF also seeks attorneys' fees and costs under this claim.

## **FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

66.  PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.  DEFENDANTS ROMERO, and DOES 1-6, inclusive, acted under color of state law.

68.  DEFENDANTS ROMERO, and DOES 1-6, inclusive, acted pursuant to an expressly adopted official policy or longstanding practice or custom of the DEFENDANT COUNTY OF RIVERSIDE, and DOES 7-10, inclusive.

69.  On information and belief, DEFENDANTS ROMERO, and DOES 1-6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

70.  DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)  Using excessive and unreasonable force, including deadly force, and force by K-9, on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others.

(b)     Practicing unlawful entry, unreasonable detention, use and deployment of K-9 on persons without assaultive behavior.

(c)     Knowingly allowing a K-9 to inflict serious bodily injury on a person who is not assaultive and who is not an immediate threat of death or serious bodily injury.

(d)     Providing inadequate training regarding the use of force, including deadly force, and the use of the K-9.

(e)     Providing inadequate training regarding de-escalation and tactical communication.

(f)     Employing and retaining as police officers, individuals such as DEFENDANTS ROMERO, and DOES 1-6, inclusive, who DEFENDANT COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(g)     Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including DEFENDANTS ROMERO, and DOES 1-6, inclusive, who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(h)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputies of the COUNTY OF RIVERSIDE.

(i)     Failing to adequately discipline COUNTY OF RIVERSIDE deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and

other inadequate discipline that is tantamount to encouraging misconduct.

(j)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

71.     By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

72.     DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.   Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

73.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS COUNTY OF RIVERSIDE, and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive,

were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

74. The acts of each of DEFENDANTS DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 7-10, inclusive.

75. Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY'S unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a) In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

(b) In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

(c) In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

(d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy.

(e)    In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy.

(f)    In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff.

(g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

(h)    In *Arocha v. County of Riverside, et al.*, Case No.: 5:18-CV-01585-DMG (SHKx), Defendant COUNTY settled with the plaintiff who was viciously punched in the face by COUNTY Sheriff's deputies resulting in loss of consciousness and a broken orbital bone.

76.    By reason of the aforementioned acts and omissions of DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, PLAINTIFF suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

77.    Accordingly, DEFENDANTS COUNTY OF RIVERSIDE and DOES 7-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

78.    PLAINTIFF also seeks attorneys' fees and costs under this claim.

/ / /

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability for Failure to Train (42 U.S.C. §1983)**

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

79.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.    DEFENDANTS ROMERO and DOES 1-6, inclusive, acted under color of law.

81.    The acts of DEFENDANTS ROMERO and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

82.    On information and belief, COUNTY failed to properly and adequately train DEFENDANTS ROMERO and DOES 1-6, inclusive, including but not limited to, with regard to the use of physical force, less than lethal force, lethal force, entry of one's residence, and deployment of K-9.

83.    The training policies of DEFENDANT COUNTY OF RIVERSIDE were inadequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

84.    Moreover, the training policies of DEFENDANT COUNTY OF RIVERSIDE were inadequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring entry to one's residence is lawful, and deployment or use of K-9 is proper.

85.    The training that COUNTY OF RIVERSIDE Sheriff's deputies, including DEFENDANT ROMERO, should have received with regards to the use of deployment of a canine against an unarmed man, and failure to release the canine after the suspect had been subdued, includes training that deputies

should not employ a canine on an unarmed subject who posed no threat of harm to officers or anyone else.

86. DEFENDANT COUNTY OF RIVERSIDE and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

87. The failure of DEFENDANT COUNTY OF RIVERSIDE and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by DEFENDANTS ROMERO and DOES 1-6, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

88. The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside failed to adequately train its deputies with regard to the use of force:

(a) In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

(b) In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

(d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy.

(e)    In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy.

(f)    In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff.

(g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

(h)    In *Arocha v. County of Riverside, et al.*, Case No.: 5:18-CV-01585-DMG (SHKx), Defendant COUNTY settled with the plaintiff who was viciously punched in the face by COUNTY Sheriff's deputies resulting in loss of consciousness and a broken orbital bone.

89.    By reason of the aforementioned acts and omissions, PLAINTIFF has suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

90.    Accordingly, DEFENDANT COUNTY OF RIVERSIDE and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

91.    PLAINTIFF also seeks attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against COUNTY; and DOES 7-10, inclusive)

92.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

93.     DEFENDANTS ROMERO, and DOES 1-6, inclusive, acted under color of law.

94.     The acts of DEFENDANTS ROMERO and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

95.     Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

96.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANTS ROMERO, and DOES 1-6's, acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of DEFENDANTS ROMERO and DOES 1-6's, acts.

97.     On information and belief, COUNTY final policymakers, including DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands at the first moment he heard them.

98.     On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury

to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape.  The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

99.    On information and belief, the COUNTY OF RIVERSIDE approved of the officers' actions after a hearing presented by the officers' legal counsel to DOES 7-10, inclusive, after which DOES 7-10, inclusive, found the officers' actions to be within the official policies of the Riverside County Sheriff's Department.  On information and belief, the basis for such approval was based on the deputies' self-serving statements that they feared PLAINTIFF presented a threat of harm to themselves or others, despite the plethora of evidence to the contrary, including evidence that PLAINTIFF was unarmed, submitted to the officers' commands when he heard them, and never presented a risk of harm to the officers or anyone else.

100.    Upon information and belief, a final policymaker has determined that the acts of ROMERO were "within policy."

101.    The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside routinely ratifies such behavior:

(a)    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an

unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

(c)     In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

(d)     In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy.

(e)     In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy.

(f)     In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.  The jury in that case returned a verdict in favor of plaintiff.

(g)     In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

(h)     In *Arocha v. County of Riverside, et al.*, Case No.: 5:18-CV-01585-DMG (SHKx), Defendant COUNTY settled with the plaintiff who was viciously punched in the face by COUNTY Sheriff's deputies resulting in loss of consciousness and a broken orbital bone.

102.   By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

103.  Accordingly, DEFENDANTS COUNTY OF RIVERSIDE and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

104.  PLAINTIFF also seeks attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, MARK GALVAN, requests entry of judgment in his favor against COUNTY OF RIVERSIDE, ROBERT ROMERO; and DOES 1-10, inclusive, as follows:

1.    For compensatory damages, according to proof at trial, under federal and State law.

2.    For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

3.    For statutory damages.

4.    For reasonable attorneys' fees including litigation expenses.

5.    For costs of suit and interest incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: March 3, 2021         **LAW OFFICES OF DALE K. GALIPO**
                            **LAW OFFICES OF GRECH & PACKER**

                     By:       */s/    Marcel F. Sincich*
                         Dale K. Galipo, Esq.
                         Trenton C. Packer, Esq.
                         Marcel F. Sincich, Esq.
                         *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated: March 3, 2021

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: _____*/s/*____*Marcel F. Sincich*_____
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

26